**Juan ANGUIANO–HIDALGO; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 07–70539.**

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted June 4, 2007.*

Filed June 12, 2007.

Glenn N. Kawahara, Esq., Attorney at Law, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Lindsay L. Chichester, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") denial of petitioners' application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b).

Respondent's motion to dismiss this petition for review in part and for summary disposition in part is granted.

■ We have reviewed the response to the order to show cause and the opposition to the motion to dismiss this petition for review for lack of jurisdiction, and we conclude that petitioners have failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review because this court has upheld the constitutionality of the Board of Immigration Appeals' streamlining procedures. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003); *Torres–Aguilar v. INS,*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, respondent's motion to dismiss this petition for review in part for lack of jurisdiction as to petitioners Juan Anguiano–Hildalgo, Maria Sandra De La O Gallaga and Grisel Abigail Anguiano De La O is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

■ Respondent's motion for summary disposition as to petitioner Juan Anguiano De La O is granted because the questions raised by this petition for review as to this petitioner are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Petitioner Juan Anguiano De La O is ineligible for cancellation of removal because he lacks a qualifying relative under the statute. *See* 8 U.S.C. § 1229b(b)(1)(D) (requiring alien to show that "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence"); *Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir.2002) (denying cancellation of removal where alien lacked a qualifying relative under the statute).

Accordingly, this petition for review is denied as to petitioner Juan Anguiano De La O and dismissed as to petitioners Juan Anguiano–Hildalgo, Maria Sandra De La O Gallaga and Grisel Abigail Anguiano De La O.

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**DISMISSED IN PART AND DENIED IN PART.**